# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:     2018AP2366

Complete Title of Case:

ONEIDA COUNTY,

PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

V.

SUNFLOWER PROP II, LLC,

DEFENDANT-APPELLANT-CROSS-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | April 21, 2020 |
| Submitted on Briefs: | January 14, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:     On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *Larry A. Konopacki* and *Paul G. Kent* of *Stafford Rosenbaum LLP*, Madison, and *Adan M. Jarchow* of *Jarchow Law, LLC.*, Clear Lake.

Respondent
ATTORNEYS:     On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Brian J. Desmond*, Oneida County corporation counsel.

A nonparty brief was filed by *Thomas D. Larson* of Madison, for Wisconsin REALTORS® Association.

# COURT OF APPEALS
## DECISION
## DATED AND FILED

### April 21, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* **WIS. STAT. § 808.10 and RULE 809.62.**

**Appeal No.    2018AP2366**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017FO572

**IN COURT OF APPEALS**

---

**ONEIDA COUNTY,**

    **PLAINTIFF-RESPONDENT-CROSS-APPELLANT,**

  **V.**

**SUNFLOWER PROP II, LLC,**

    **DEFENDANT-APPELLANT-CROSS-RESPONDENT.**

---

APPEAL and CROSS-APPEAL from a judgment of the circuit court for Oneida County:  PATRICK F. O'MELIA, Judge.  *Reversed and cause remanded with directions; cross-appeal dismissed.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1      HRUZ, J.[1]  Sunflower Prop II, LLC,[2] appeals a judgment validating the enforceability of Oneida County's pier ordinance and the County's finding that Sunflower is in violation of that ordinance.  Sunflower argues the ordinance is unenforceable because its pier complies with the requirements for a permit exemption under WIS. STAT. § 30.12(1g)(f), and a municipality lacks the authority to regulate the construction and location of piers that qualify for that exemption.

¶2      We agree with Sunflower that municipal regulations enacted pursuant to WIS. STAT. § 30.13(2) cannot be applied to a pier that qualifies for a permit exemption under WIS. STAT. § 30.12(1g)(f).  Based on the appellate record, however, it is unclear whether Sunflower's pier in fact qualifies for that exemption, specifically the requirement that a pier be "no more than 6 feet wide."  *See* § 30.12(1g)(f)1.a.  Accordingly, we reverse the judgment and remand for further proceedings.  If the circuit court determines that Sunflower's pier satisfies the requirements of § 30.12(1g)(f), it is directed to dismiss the citation in accordance with our statutory analysis.  If the court determines that Sunflower's pier does not qualify under § 30.12(1g)(f), it may conduct further proceedings as are appropriate to resolve the case.  The County has filed a cross-appeal regarding the proper interpretation of certain aspects of its ordinance, which we decline to resolve at this time given that our statutory analysis may be dispositive.

---

[1]  This appeal was converted from a one-judge appeal to a three-judge appeal by the November 27, 2019 order of the Chief Judge of the Court of Appeals.  *See* WIS. STAT. § 752.31(3) (2017-18); WIS. STAT. RULE 809.41 (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  Sunflower notified the circuit court that its correct name is "Sunflower Properties II LLC," but to date has not sought to amend the case caption.  We will refer to it as "Sunflower" for the remainder of the opinion.

2

## BACKGROUND

¶3     Sunflower owns adjacent riparian properties in Oneida County on Tomahawk Lake.  Combined, the properties have 370 feet of riparian frontage.  In October 2015, Sunflower completed construction of a new pier, which extended out from the shoreline six to eight feet.  According to the stipulated facts, that portion of the pier terminated in a ninety-foot-long lateral extension that ran parallel to the shoreline and was greater than twenty feet wide.  Five "branches" protruded from this ninety-foot extension into the lake, perpendicular to the shore.[3]  The pier configuration resulted in a pier with six to seven boat berths and four boat lifts.

¶4     The County received a complaint regarding the construction of the pier.  In October 2015, the County notified Sunflower that the pier was in violation of various provisions of § 9.98 of the Oneida County Zoning & Shoreland Protection Ordinance ("the Ordinance").  The County ultimately issued Sunflower five citations, including for violations of § 9.98 F.3., which states, "Any lateral extensions on piers shall be a 'T' or 'L' shape and must not exceed 20 feet in total width." [4]

¶5     Sunflower contested the citations, and the matter was set for a trial to the circuit court.  The parties ultimately notified the court that only issues of law

[3] The fifth "branch" included a portion that terminated in an extension running parallel to the shoreline.

[4] The County's letter referred to violations of several of the Ordinance's subsections, but the parties apparently reached agreement on many of the issues during the course of the circuit court proceedings, leaving only the application of Ordinance § 9.98 F.3. unresolved.  The County believed the pier was an impermissible "pitch fork" configuration, while Sunflower asserted it was comprised of one or more "T" or "L" configurations.  We note that, on appeal, the County also argues that Sunflower's pier violates § 9.98 F.2., which limits the deck width of a pier, "including 'T' or 'L' or similar finger extensions," to six feet unless upon application for a conditional use permit the applicant demonstrates a need for a deck width of up to eight feet because of the handicap of a frequent user.

remained and the case could be resolved based upon briefs and a document setting forth stipulated facts. Among other things, Sunflower asserted the relevant portions of the Ordinance were inconsistent with, and preempted by, Wisconsin's pier laws, specifically Wis. Stat. §§ 30.12 and 30.13. Sunflower argued its pier was exempt from any permit requirement pursuant to § 30.12(1g)(f)1., and the County therefore lacked the authority to more strictly regulate the pier's construction and location. Sunflower also argued it was in compliance with the Ordinance: although it acknowledged that the pier's lateral extension exceeded the twenty-foot-width limitation, it argued the excess width was "necessary to accommodate Defendant's six to seven berths," which were the number of berths allowed based on the extent of shoreline frontage.

¶6      The circuit court concluded the County was entitled to partial summary judgment, noting it was undisputed that the "total width of the defendant's lateral extension exceed[s] 20 feet in violation of the ordinance." The court also concluded the County had the authority to regulate the pier at issue, and it provided the parties with a written analysis of that issue subsequent to the summary judgment decision hearing. The court's assessment was that if the legislature had intended to preclude counties from enacting more restrictive regulations governing the construction and location of piers, it would have plainly stated so.

¶7      Following the circuit court's decision, Sunflower filed a motion for reconsideration, and the parties jointly requested that the court clarify its ruling. Specifically, the parties sought clarification about which portion of the pier the court found to be a violation of the Ordinance's twenty-foot-width requirement. The court denied the motion for reconsideration, but it clarified that the term "lateral extension" in its earlier opinion referred to the ninety-foot-long portion of the pier from which the five "finger extensions" protruded. The court reaffirmed that

Sunflower's pier was in violation of the twenty-foot-width requirement, and it granted judgment on a single citation in the amount of $263.50.[5] Sunflower appeals that judgment, and the County cross-appeals from the portion of the judgment finding the Ordinance provisions governing the permissible shape of piers to be ambiguous.

## DISCUSSION

¶8     "Whether the circuit court properly granted summary judgment is a question of law that this court reviews de novo." *Noffke ex rel. Swenson v. Bakke*, 2009 WI 10, ¶9, 315 Wis. 2d 350, 760 N.W.2d 156.   Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).  Here, the parties have stipulated to most of the relevant facts, and the issue is primarily a question of the proper meaning and application of the statutes and the ordinances. *See Bruno v. Milwaukee Cty.*, 2003 WI 28, ¶6, 260 Wis. 2d 633, 660 N.W.2d 656 (noting the application of a statute or ordinance to an undisputed set of facts is a question of law).

¶9     Sunflower argues that the County is both exceeding its authority to legislate regarding the construction and location of a pier and embracing an illogical interpretation of its ordinances.[6]  Sunflower's argument requires us to interpret the

---

[5] The circuit court ordered the other citations dismissed, which apparently related to violations of other provisions of the Ordinance.

[6] The Wisconsin Realtors Association has filed an amicus brief in support of Sunflower's position.  The brief improperly cites and substantially discusses an unpublished per curiam opinion of this court, in violation of WIS. STAT. RULE 809.23(3).  We admonish counsel that unpublished per curiam opinions may not be cited in any court as precedent or authority except to support a claim of claim preclusion, issue preclusion, or law of the case.  RULE 809.23(3)(a).

County's authority under WIS. STAT. §§ 30.12 and 30.13. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. If the language yields a plain, clear statutory meaning, we apply the language as written and need not consult extrinsic sources of meaning. *Id.*

¶10    Sunflower first argues the County can have no role in regulating a pier that qualifies for the Department of Natural Resources (DNR) permit exemption contained in WIS. STAT. § 30.12(1g)(f). Section 30.12(1), generally speaking, prohibits a person from depositing material or placing a structure upon a bed of navigable water unless an individual or general permit has been "issued under this section" or unless authorization has otherwise been granted by the legislature.[7] The statute contains a number of exemptions, located in subsec. (1g), which allow the placement of certain types of structures or materials if the structure or material is not located in an area of special natural resource interest and if it does not interfere with the riparian rights of other riparian owners. Specific to this case, the statute states that it is not necessary to obtain a permit for a pier meeting certain criteria:

>          (f)  1. A pier or wharf to which all of the following apply:

---

[7] A general permit allows the DNR to issue a statewide permit for certain activities with conditions that it deems appropriate to protect the public and the rights of other riparian owners. *See* WIS. STAT. §§ 30.12(3), 30.206. An individual permit, in contrast, requires the property owner to seek authorization for his or her specific structure or deposit. *See* §§ 30.12(3m), 30.208. For projects that are exempt from the permit requirements under § 30.12(1g), the DNR may nonetheless require that a person apply for an individual permit or seek authorization under a general permit if the DNR, following an investigation, concludes the placement of the structure or deposit will, among other things, injure the rights of the public or other riparian owners. *See* § 30.12(2m).

a. It is no more than 6 feet wide.

b. It extends no further than to a point where the water is 3 feet at its maximum depth as measured at summer low levels, or to the point where there is adequate depth for mooring a boat or using a boat hoist or boat lift, whichever is farther from the shoreline.

c. It has no more than 2 boat slips for the first 50 feet of the riparian owner's shoreline footage and no more than one additional boat slip for each additional 50 feet of the riparian owner's shoreline footage.

2. Notwithstanding the width limitation in subd. 1., a pier may have an area as a loading platform that is more than 6 feet wide if the surface area of the platform does not exceed 200 square feet.

Section 30.12(1g)(f).

¶11 While WIS. STAT. § 30.12 governs all structures or deposits placed upon navigable waters, WIS. STAT. § 30.13 more specifically deals with the regulation of piers. Notably, § 30.13 specifically authorizes the construction of a pier without a DNR permit if the pier

is exempt from obtaining a permit under s. 30.12 *or* if all of the following conditions are met:

(a) The wharf or pier does not interfere with public rights in navigable waters.

(b) The wharf or pier does not interfere with the rights of other riparian proprietors.

(c) The wharf or pier does not extend beyond any pierhead line which is established under sub. (3).

(d) The wharf or pier does not violate any ordinances enacted under sub. (2).

(e) The wharf or pier is constructed to allow the free movement of water underneath and in a manner which will not cause the formation of land upon the bed of the waterway.

7

WIS. STAT. § 30.13(1) (emphasis added). Section 30.13(2), as mentioned in subsec. (1)(d), authorizes a municipality to enact ordinances "*not inconsistent with this section* regulating the construction and location of wharves, piers and swimming rafts located within or attached to land within that municipality."[8] (Emphasis added.)

¶12 The interplay between WIS. STAT. §§ 30.12 and 30.13 is vital to Sunflower's argument that the County lacks authority to regulate its pier. Sunflower's interpretation is that the County's regulatory authority under § 30.13(2) does not encompass piers that are exempt under § 30.12(1g)(f). In particular, Sunflower emphasizes the introductory clause in § 30.13(1) and asserts that the legislature's use of the disjunctive "or" establishes that "a pier is exempt from permitting requirements if it is *either* exempt under the § 30.12 exemption *or* it meets the conditions of the § 30.13 exemption."

¶13 We agree with Sunflower's interpretation of these two closely related statutes. As an initial matter, we stress that WIS. STAT. ch. 30 "embodies a system of regulation of Wisconsin's navigable waters pursuant to the public trust doctrine." ***ABKA Ltd. P'ship v. DNR***, 2002 WI 106, ¶11, 255 Wis. 2d 486, 648 N.W.2d 854. The legislature has the primary responsibility for the regulation and enforcement of

---

[8] We note that, prior to 2004, WIS. STAT. § 30.12(1g)(f) did not exist, and WIS. STAT. § 30.13(1) was the only method by which a property owner could construct a pier without a permit. *See* 2003 Wis. Act 118, § 22 (creating § 30.12(1g)). Notably, § 30.13(1) was amended in 2008 to make explicit that a permit need not be obtained under that section if the pier was exempt from obtaining a permit under § 30.12. *See* 2007 Wis. Act 204, § 13.

Certain portions of the County's brief suggest the requirements under § 30.12(1g)(f) are insufficient to protect the public interest in navigable waters if construed to allow a pier of the scale of the one Sunflower has constructed here. Our task is primarily to apply the plain language of the statutes; desired changes to that language should be taken up with the legislature.

the public trust, and it has delegated to the DNR broad authority to administer ch. 30. *Id.*, ¶12. A county's authority, by contrast, is derived primarily from statutory enactments. *See Jackson Cty. v. DNR*, 2006 WI 96, ¶17, 293 Wis. 2d 497, 717 N.W.2d 713.

¶14 The statutory authority for a county to regulate the construction and location of piers comes from WIS. STAT. § 30.13(2). Again, subsec. (2) permits a municipality[9] to enact such ordinances that are "not inconsistent with this section." Under subsec. (1), there are two distinct methods by which a property owner may construct a pier without obtaining a DNR permit. The first method is under the exemption set forth in WIS. STAT. § 30.12(1g)(f). The second method is by satisfying the requirements of § 30.13(1)(a)-(e). Only the criteria in § 30.13(1) require compliance with municipal ordinances enacted under § 30.13(2). *See* § 30.13(1)(d). As a result, this court would need to insert additional language into § 30.12 to hold that a pier that satisfies the requirements for the exemption under § 30.12(1g)(f) must *also* comply with municipal ordinances established under § 30.13(2). In other words, it would "be inconsistent with" the plain language of § 30.13(1) to require a pier authorized by § 30.12(1g)(f) to also satisfy the requirements of a municipal ordinance established under § 30.13(2).

¶15 The County responds to the foregoing analysis primarily in two ways. First, it argues that while the legislature exempted property owners from obtaining DNR permits for certain piers, it did not curtail the ability of municipalities to regulate piers. The County emphasizes the language in WIS. STAT. § 30.12(1g) that the exemption is from "the permit requirements under this section." However, the scope of county regulatory authority under WIS. STAT. § 30.13(2) is quite clear. As

---

[9] A "municipality" includes a county. *See* WIS. STAT. § 30.01(4).

explained above, a municipality may not enact regulations that are inconsistent with the remainder of § 30.13, of which subsec. (1) provides an alternative to a permit that does not require compliance with municipal regulations. As a result, the County lacks regulatory authority over a pier that satisfies the requirements of § 30.12(1g)(f), regardless of whether the regulations it has adopted are otherwise "consistent with" (i.e., not directly conflicting or contradictory to) those requirements.[10]

¶16      Second, the County proposes that its authority to regulate piers derives from WIS. STAT. §§ 281.31 and 59.692.[11]  Section 281.31(1) is a statement of the public interest that authorizes "municipal shoreland zoning regulations."  The term "shoreland" is defined under § 281.31(2)(f) by cross-referencing §§ 281.31(2)(e) and 59.692(1)(b), which together establish the geographical limitations of a municipality's zoning authority.  Specifically, and as relevant here, "shoreland" for purposes of § 281.31 consists of lands under, abutting, or close to navigable waters within 1,000 feet from the ordinary high water mark of a lake.  *See* §§ 281.31(2)(e), 59.692(1)(b).  Section 59.692(1c) authorizes the County to "zone by ordinance"

---

[10]   The circuit court concluded otherwise, observing that the legislature has sometimes used phrases like "not more restrictive than" when it intended to limit municipal authority to those rules the legislature has established. *See, e.g.*, WIS. STAT. § 84.30(3)(a) (requiring that rules promulgated under that section "shall not be inconsistent with, nor more restrictive than," national standards). In this case, we conclude the language adopted was functionally equivalent to a "not more restrictive than" standard as applied to piers under WIS. STAT. § 30.12(1g)(f).

Moreover, a "not more restrictive than" standard would make little sense if the legislature merely wished to exclude a particular category of piers from the scope of municipal regulation. By framing the scope of municipal authority as it did, the legislature allowed the municipality to enact whatever pier regulations it deems appropriate, including regulations that *are* more restrictive than WIS. STAT. § 30.12(1g)(f). If a pier does not qualify for a permit exemption under subsec. (1g)(f), it must comply with these more restrictive regulations under WIS. STAT. § 30.13(1).

[11]   WISCONSIN STAT. § 59.692 was amended by 2019 Wis. Act 145.  Neither party has argued that those amendments are relevant to this appeal.

within this area "[t]o effect the purposes of s. 281.31 and to promote the public health, safety and general welfare."

¶17    The County reasons that it has authority to regulate here because its pier regulations have been enacted for the purposes specified in WIS. STAT. § 281.31, which include to "control building sites, placement of structure and land uses." *See* § 281.31(1). And it draws from the general statements that the regulations may pertain to "lands under … navigable waters" the notion that it may therefore regulate piers. *See* § 281.31(1), (2)(e). At the very least, reasons the County, nothing in § 281.31 or the grant of zoning authority contained in WIS. STAT. § 59.692(1c) *prohibits* a county from regulating piers.

¶18    We reject the County's assertion that it has authority under WIS. STAT. §§ 281.31 and 59.692 to regulate piers that qualify for the WIS. STAT. § 30.12(1g)(f) permit exemption. The County points to no language in § 281.31 that authorizes it to do anything. Most of the duties outlined in that section relate to the DNR's role in developing municipal regulations. *See* § 281.31(3)-(7). Moreover, the statute recognizes that the protective measures contemplated therein are necessary for the "fulfillment of the state's role as trustee of its navigable waters," § 281.31(1), the same general reason the legislature has enacted WIS. STAT. ch. 30, *see **ABKA Ltd. P'ship***, 255 Wis. 2d 486, ¶11.

¶19    WISCONSIN STAT. § 281.31 must be "construed together" with WIS. STAT. § 59.692, *see* § 281.31(8), but even that exercise does not get the County very far. Section 59.692(1c) requires a county to "zone by ordinance all shorelands in its unincorporated area." As stated above, and for purposes of this case, the term "shoreland" includes areas that are 1,000 feet landward of a lake's ordinary high water mark. *See* § 59.692(1)(b)1. There is no grant of authority to regulate a pier

under this general zoning authority. And even if we could divine from § 59.692(1c) some general authority that would encompass pier regulation, we would still defer to the plain language of WIS. STAT. §§ 30.12 and 30.13, which together exclude § 30.12(1g)(f) piers from the scope of municipal regulation regarding pier location and construction. "[T]he general rule of statutory construction in Wisconsin where two statutes relate to the same subject matter is that the specific statute controls over the general statute." *Gottsacker Real Estate Co. v. DOT*, 121 Wis. 2d 264, 269, 359 N.W.2d 164 (Ct. App. 1984).[12]

¶20 Given the foregoing, it is apparent that a pier must qualify for the exemption under WIS. STAT. § 30.12(1g)(f) to avoid complying with municipal regulations adopted pursuant to WIS. STAT. § 30.13(2). Here, it is unclear, based upon the stipulated facts, whether Sunflower's pier qualifies under the subsec. (1g)(f)1. exemption. Subsection (1g)(f)1.a. requires that the pier be "no more than 6 feet wide." The six-foot-width limitation is suspended for an area used as a loading platform, provided the surface area of the platform does not exceed 200 square feet. Section 30.12(1g)(f)2. Although Sunflower posits that there is "no

---

[12] Sunflower additionally argues that the County's regulatory authority with respect to piers meeting the requirements of WIS. STAT. § 30.12(1g)(f) has been preempted. "A municipal ordinance is preempted if (1) the legislature has expressly withdrawn the power of municipalities to act; (2) it logically conflicts with state legislation; (3) it defeats the purpose of state legislation; or (4) it violates the spirit of state legislation." *DeRosso Landfill Co. v. City of Oak Creek*, 200 Wis. 2d 642, 651-52, 547 N.W.2d 770 (1996) (footnotes omitted). Sunflower argues conflict preemption is applicable here, largely for the same reasons it provides in its statutory analysis. We deem it unnecessary to address the preemption issue, given that our analysis of the statutory text leads us to conclude that the piers authorized by § 30.12(1g)(f) are not subject to municipal regulations enacted under WIS. STAT. § 30.13(2). *See Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Typically, an appellate court should decide cases on the narrowest possible grounds.").

dispute" it meets the standards set forth in § 30.12(1g)(f)1., the stipulated facts (coupled with the County's appellate argument) raise some doubt in this regard.

¶21 First, the stipulated facts appear to suggest there are portions of Sunflower's pier that are in excess of twenty feet wide. The stipulation establishes the dimensions of the lateral extension as "ninety feet (90') in length" and "greater than 20 feet in width."[13] Sunflower's circuit court brief appears to contradict the stipulated facts and is internally inconsistent, as Sunflower represented at one point that its pier was "no more than six feet wide" while acknowledging in another section of the brief that it is "undisputed that [Sunflower's] lateral extension totals more than 20 feet in width." As support for the former assertion, Sunflower merely provided a general citation to an affidavit that itself does not include any reference to the width of the pier. Sunflower does not explain or otherwise attempt to reconcile these potentially incongruent representations, nor does Sunflower suggest the six-foot-width requirement does not apply under the alternative square-footage calculation contained in WIS. STAT. § 30.12(1g)(f)2.

¶22 Second, the County's appellate brief appears to challenge the notion that Sunflower's pier is no more than six feet wide. In the context of discussing the Ordinance's requirement that lateral extensions "not exceed twenty (20) feet in total *width*" (emphasis added), the County notes Sunflower's concession in the circuit court that it had not complied with this requirement. The County's appellate brief contends that this excessive "width" constitutes a "violation of the public trust doctrine and certainly restricts the public's use of that waterway."

---

[13] A sketch of the pier is included in the appellate record, but does not include the pier dimensions.

13

¶23 Despite the foregoing, Sunflower portrays it as "undisputed" that its pier qualifies for the permit exemption contained in WIS. STAT. § 30.12(1g)(f), and the County does not directly dispute that assertion. Nonetheless, as we have explained, it is unclear from the appellate record whether Sunflower's pier in fact qualifies. We therefore reverse the circuit court's judgment and remand for further proceedings consistent with this opinion. If the court determines that Sunflower's pier meets the criteria for the subsec. (1g)(f) exemption, it is directed to dismiss the citation in accordance with our statutory analysis above. If the court determines that Sunflower's pier does not qualify for the (1g)(f) exemption, it may conduct further proceedings as are appropriate to resolve the case.

¶24 Finally, the County has filed a cross-appeal, challenging the circuit court's conclusion that the Ordinance is ambiguous with respect to whether the pier as a whole must be shaped as a "T" or an "L," or whether those shapes are merely required of pier extensions. The County argues the Ordinance's definition of a "pier" requires the pier to be viewed as a whole structure, rather than as separate parts, as Sunflower contends. In the County's view, the term "finger extensions" in Ordinance § 9.98 F.2., and the term "lateral extensions" in Ordinance § 9.98 F.3., refer to the same thing.

¶25 We decline to reach the issue of the proper interpretation of the Ordinance at this juncture, given that we are reversing the judgment in its entirety and the statutory analysis outlined above regarding WIS. STAT. §§ 30.12 and 30.13 may be dispositive. If the circuit court concludes Sunflower's pier does not satisfy the requirements of § 30.12(1g)(f), it must determine whether the pier qualifies for a permit exemption under the alternative criteria of § 30.13(1), including whether the pier violates any ordinances established under § 30.13(2). *See* § 30.13(1)(d).

*By the Court.*—Judgment reversed and cause remanded with directions; cross-appeal dismissed.